**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

| | |
|---|---|
| ESCAPEX IP, LLC,<br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br>    Defendant | Civil Action No. 1:23-cv-10839<br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

EscapeX IP LLC ("EscapeX") files this Original Complaint for Patent Infringement and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 10,474,687 ("the '687 patent") (referred to as the "Patent-in-Suit") by Google LLC ("Google").

### I. THE PARTIES

1. Plaintiff EscapeX is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2. On information and belief, Google is a Delaware corporation with a principal address of 1600 Amphitheatre Parkway, Mountain View, California 94043 and has regular and established places of business throughout this District, including at least at 75 Ninth Ave., New York, NY 10011. Defendant is registered to do business in New York and has may be served via its registered agent at Corporation Service Company, 80 State Street, Albany, NY 12207, at its place of business, or anywhere they may be found.

3. On information and belief, GOOGLE sells and offers to sell products and services throughout New York, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in New York and this judicial district.

1

## II.     JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of New York and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in New York and this District.

## III.    BACKGROUND

7. On March 22, 2016 Escapex met with Lyor Cohen to demonstrate Escapex' patented "Super Star" system and method.[1] At the time, Escapex additionally presented the "Escapex White Paper."[2] The Escapex White Paper provided details as to how Escapex' SuperStar system operates

---

[1] See Exhibit D.
[2] See Exhibit C.

including benefits gained by using the system and how to implement the SuperStar system.[3] The Escapex White Paper provided detailed descriptions of Escapex' patent portfolio as well as descriptions of each patent including how the SuperStar system utilized each patent.[4] Mr. Cohen received the Escapex White paper while with 300 Entertainment. Six months later, in September 2016, it was announced that Mr Cohen would become the head of Youtube Music.[5] On January 12, 2017 shortly after Mr Cohen arrived at Youtube, Youtube introduced "Super Chat" incorporating the patented features of Escapex' Super Star system.[6]

### IV.     INFRINGEMENT - Infringement of the '687 Patent

8. On November 12, 2019, U.S. Patent No. 10,474,687 ("the '687 patent", attached as Exhibit A) entitled "System and Method of Aggregating Networked Social Content and Facilitating Uncapped Engagement in a Networked Virtual Environment," was duly and legally issued by the U.S. Patent and Trademark Office. EscapeX IP, LLC owns the '687 patent by assignment.

9. The '687 patent relates to a novel and improved systems and methods for aggregating networked content.

10. Google offers for sale, sells, and manufactures one or more firewall systems that infringes one or more claims of the '687 patent, including one or more of claims 1-24, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '687 Patent into service (i.e., used them); but for Defendant's actions, the embodiments of the claimed inventions involving Defendant's products and services would never have been put into service. Defendant's acts

---

[3] See Exhibit C.
[4] See Exhibit C at least at 2, and 10 - 19.
[5] See Exhibit E, Billboard article announcing Mr Cohen as Global head of Youtube Music.
[6] See Exhibit F, The Verge article from January 12, 2017 announcing SuperChat.

complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

11. The Accused Instrumentalities are at least Google's SuperChat and related applications.

12. Support for the allegations of infringement may be found in the chart attached as exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

13. Defendant has and continues to induce infringement from at least the filing date of the lawsuit. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., aggregating content and facilitating uncapped engagement of the content) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1-24 of the '687 patent, literally or under the doctrine of equivalents. Defendant, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent. Moreover, Defendant has known of the '687 patent and the technology underlying it from at least the hiring of Mr Cohen as head of Youtube Music in December 2016 due to Escapex' presentation of the Escapex White Paper to at least Mr Cohen in 2016 in New York City.  The meeting is confirmed by the e-mail of Exhibit D. For clarity, direct infringement is previously alleged in this complaint.

14. Defendant has and continues to contributorily infringe from at least the filing date of the lawsuit. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., aggregating content and facilitating uncapped engagement of the content) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1-24 of the '687 patent, literally or under the doctrine of equivalents.

Defendant, from at least the filing date of the lawsuit, has continued to encourage and instruct others on how to use the products showing specific intent. Further, there are no substantial noninfringing uses for Defendant's products and services. Moreover, Defendant has known of the '687 patent and the technology underlying it from at least the hiring of Mr Cohen as head of Youtube Music in December 2016 due to Escapex' presentation of the Escapex White Paper to at least Mr Cohen in 2016 in New York City. The meeting is confirmed by the e-mail of Exhibit D.[7] For clarity, direct infringement is previously alleged in this complaint.

15. Defendant has caused and will continue to cause EscapeX damage by direct and indirect infringement of (including inducing infringement of) the claims of the '687 patent.

## V. CONDITIONS PRECEDENT

16. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met.

## VI. JURY DEMAND

EscapeX hereby requests a trial by jury on issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, EscapeX prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the Patent-in-Suit;

b. award EscapeX damages in an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

---

[7] Plaintiff reserves the right to amend and add inducement pre-suit if discovery reveals an earlier date of knowledge.

c.   award EscapeX an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.   declare this case to be "exceptional" under 35 U.S.C. § 285 and award EscapeX its attorneys' fees, expenses, and costs incurred in this action;

e.   a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

f.   award EscapeX such other and further relief as this Court deems just and proper.

Respectfully submitted,

**Law Office of David J. Hoffman**

*/s/ David J. Hoffman*
David J. Hoffman
254 W 15th Street
Apt. 2C
New York, New York 10011
(917) 701-3117 (telephone)
djhoffman@djhoffmanlaw.com

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643
wramey@rameyfirm.com
Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

6

        5020 Montrose Blvd., Suite 800
        Houston, Texas 77006
        (713) 426-3923 (telephone)
        (832) 900-4941 (fax)

***Attorneys for EscapeX IP LLC***