

Jeff M Barron
Partner
317.231.7751
jeff.barron@btlaw.com
Indianapolis and Chicago Offices
Admitted in Indiana, Illinois, and
*pro hac vice* in this matter

May 14, 2025

<u>Via ECF</u>

The Honorable Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *EscapeX IP, LLC v. Google LLC*, Civil Action No. 1:23-cv-10839
      Letter Motion For Leave to File Google's Amended Exhibits 1-9 Under Seal

Your Honor:

Google LLC ("Google") files this motion to seal Amended Exhibits 1-9, which are revised redacted copies of the invoices submitted with my Declaration dated April 7, 2025 as Exhibits 1-9. Following the Court's direction at the hearing on May 7, 2025, and in compliance with the Court's Order of the same date (Doc. 72), Google has substantially reduced the number and scope of the redactions on our firm's invoices for work performed on this matter. The invoices reflect information that is confidential to Google and my firm, including work performed by attorneys at my firm on Google's behalf and confidential financial arrangements between my firm and Google. Therefore, Google respectfully requests that the Court grant this Motion and maintain Amended Exhibits 1-9 under seal. EscapeX and the Ramey firm do not oppose Google's request to seal Amended Exhibits 1-9.

The information in Amended Exhibits 1-9 is confidential to Google and my firm. It reflects confidential work relating to this case, including confidential exchanges with Google certain agreements affecting the ultimate amount(s) charged to Google. Google has consequently designated them as "CONFIDENTIAL—ATTORNEYS' EYES ONLY." Google proposed entering the Model Protective Order to EscapeX and the Ramey law firm to ensure that Amended Exhibits 1-9 are properly protected. EscapeX and the Ramey firm did not agree to enter the Model Protective Order. The Ramey firm and EscapeX agreed, however, (1) to treat Amended Exhibits 1-9 as Confidential-Attorneys' Eyes Only (AEO), including using Exhibits 1-9 only in connection with this lawsuit[1], and (2) not to argue that receipt of Amended Exhibits 1-9 waives the attorney-client privilege or the litigation work product doctrine. Ex. 10. Thus, relying upon the Ramey firm's and EscapeX's representations, Google does not seek to enter the Model Protective Order at this time, although it reserves the right to make the request in the future.

---

[1] EscapeX and the Ramey firm reserved the right to challenge AEO designations. Ex. 10.

### Certificate of Conference

      Exhibit 10 is an email exchange between the undersigned and Mr. Ramey dated May 13 and 14, 2025 indicating that EscapeX and the Ramey firm do not oppose Google's request to seal Amended Exhibits 1-9. It also contains the representations set forth above as to the treatment of Amended Exhibits 1-9.

      Respectfully submitted,

*/s/ Jeff Barron*
Jeff Barron (admitted *pro hac vice*)
Nadine S. Kohane (Bar No. 5125208)
Lawrence Gerschwer (Bar No. 2658904)

***Attorneys for Google LLC***

---

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: 5/22/2025**

The motion to seal is hereby GRANTED. The Clerk of Court is respectfully directed to maintain the viewing restrictions at ECF No. 74 and terminate the gavel at ECF No 73.

Defendant is also directed to file the unredacted copies of Amended Exhibits 1-9 on the docket for the Court and Defendant's viewing only.

---