**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ESCAPEX IP, LLC,

                                      Plaintiff,                    23-CV-10839 (VSB) (VF)

                          -against-                                 **ORDER**

GOOGLE LLC,

                                      Defendant.
-------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

Following the Court's order at the conference on May 7, 2025, Defendant submitted revised copies of its billing records with fewer redactions covering only information protected by the attorney-client privilege. ECF No. 74. Defendant moved to seal these redacted records. ECF No. 73. In response, Plaintiff requested to file its objections under seal because the objections include references to Defendant's billing records. ECF No. 84.

The common law and the First Amendment accord a presumption of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016) (quoting Lugosch, 435 F.3d at 119). To overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." Lugosch, 435 F.3d at 120 (citation omitted).

Here, the billing records are relevant to the pending motion for attorney's fees following the Court's grant of Defendant's motion for sanctions. ECF No. 54. The billing records are thus a judicial document because they will be used in assessing the appropriate amount of sanctions to

be awarded Defendant. See e.g., Flatiron Acq. Veh., LLC v. CSE Mortg. LLC, No. 17-CV-8987 (GHW), 2021 WL 4481853, at *2 (S.D.N.Y. Sept. 29, 2021) (noting that billing records submitted in support of a motion for attorney's fees are judicial documents). Defendant argues that the redacted records should be sealed because there is "information that is confidential to Google and [its counsel], including work performed by attorneys at [the] firm on Google's behalf and confidential financial arrangements between [the] firm and Google." ECF No. 73 at 1. This reasoning is insufficient under Lugosch to overcome the presumption of public access over a judicial document. See Excellent Home Care Servs., LLC v. FGA, Inc., No. 13-CV-5390 (ILG) (CLP), 2017 WL 4838306, at *7 (E.D.N.Y. Oct. 24, 2017) (denying request to seal billing records where defendant argued the records "include confidential information" and the entries were already redacted so as to not reveal any privileged communications). Thus, because Defendant's billing records have already been redacted to remove any privileged information, the redacted billing records cannot be sealed in their entirety and the redacted records must be filed on the public docket.

The previously sealed documents at ECF Nos. 74 and 79 are hereby **UNSEALED**. Plaintiff's motion at ECF No. 84 to seal his second opposition brief filed at ECF No. 81 is hereby **DENIED**. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 84 and remove the viewing restrictions on ECF Nos. 74 and 79.

**SO ORDERED.**

DATED:   New York, New York
         June 9, 2025

VALERIE FIGUEREDO
United States Magistrate Judge

2